IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CHARLES LEWIS, Jr. ,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:14-CV-3455-G (BH) |
| ) | |
| **R. BURNES, Jail Administrator,** ) | |
| **FCI-SEAGOVILLE,** ) | Referred to U.S. Magistrate Judge |
| Defendant. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this action has been referred for pretrial management. Based on the relevant filings and applicable law, the plaintiff's claims should be summarily **DISMISSED** with prejudice.

**I. BACKGROUND**

On September 23, 2014, Charles Lewis, Jr. (Plaintiff), an inmate in the Bureau of Prisons inmate, initiated this action against R. Burnes, Jail Administrator at FCI-Seagoville, alleging "holistic approaches" against Plaintiff's "holy persons". (*See* docs. 1, 9.) He contends that he is an actor and a rapper, and the defendant is "hurting his frequencies." (doc. 1.) He has complained of "Holy Ghost violence" to no avail, and the defendant and others are allegedly attacking Plaintiff's "mothers whereabouts, fathers elite whereabouts, and [his] holy persons around the compound." (*Id.*) No process has been issued in this case.

**II. MOTION FOR ASSISTANCE**

On January 16, 2015, Plaintiff submitted a letter seeking assistance with his case and copies of his requests to prison staff. (*See* doc. 14). One request alleges that the warden is "continually stalking harassing and beating [Plaintiff's] Holy Spirits", and that another person has "pinpointed access to [his] Holy persons breathing and skull strength by causing [him] to vomit from violence."

(*Id.* at 2.)[1] Another request alleges that he was punched in the face on New Year's Day by a female federal district judge, a Baylor college cheerleader, an attorney, and professional boxer Mike Tyson. (*Id.* at 3.) A third request appears to allege that various recording artists harassed him over the Thanksgiving holidays, and he references other individuals. (*Id.* at 4.) His fourth request names the President and First Lady of the United States, among others. (*Id.* at 5.)

Plaintiff's filing is liberally construed as a motion for leave to amend his complaint to add these allegations, and the motion is **GRANTED**. To the extent that he seeks the appointment of counsel, the motion is **DENIED** for the reasons stated below.

### III. PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page.

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

Plaintiff alleges no factual support for his claims. The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). Plaintiff's allegations have risen to the level of the irrational or wholly incredible, and his complaint should be dismissed as factually frivolous.

## IV.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice pursuant to 28 U.S.C. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as frivolous. This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

**SIGNED this 20th day of January, 2015.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE